IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| GREGORY PALM, | * |
| Plaintiff, | * |
| vs. | *   CASE NO. 3:24-cv-47 (CDL) |
| CORRCARE, INC., *et al.*, | * |
| Defendants. | * |

O R D E R

Sheriff Butch Reese, Captain Shane Moody, Lieutenant Brent Skinner, and Lieutenant Dalton Hart (hereinafter "Defendants") disclosed Kathryn Wild and Paul Cappitelli as expert witnesses. Plaintiff Gregory Palm filed a motion to exclude the testimony of these witnesses. For the reasons that follow, that motion (ECF No. 41) is denied.

DISCUSSION

Palm seeks to exclude Defendants' experts pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise" if the proponent shows it is more likely than not that "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;" his

"testimony is based on sufficient facts or data;" his "testimony is the product of reliable principles and methods;" and his "opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702.

To determine whether expert testimony is admissible under this rule, the Court must engage in a "rigorous three-part inquiry." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc). The Court must consider whether (1) "the expert is qualified to testify competently regarding the matters he intends to address," (2) whether his methodology "is sufficiently reliable," and (3) whether his testimony will help the trier of fact "understand the evidence or to determine a fact in issue." *Knepfle v. J-Tech Corp.*, 48 F.4th 1282, 1294 (11th Cir. 2022) (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)). The goal of this inquiry is to ensure "that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Frazier*, 387 F.3d at 1260 (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)).

I. **Expert Testimony of Kathryn Wild**

Kathryn Wild is a nurse and consultant who Defendants asked to opine about whether their actions adhered to the standard of

care in the correctional health setting. Palm asserts that Wild is not qualified to opine about the conduct of jail correctional officers because she is a nurse and not a correctional officer herself.

Wild is a registered nurse who has worked in the correctional healthcare setting for nearly forty years. Wild Decl. ¶ 4, ECF No. 42-1. She worked as a nurse in five correctional facilities, then went on to serve as the health services administrator for San Bernardino County, California, and the deputy agency director for correctional health services for Orange County, California. *Id.* ¶¶ 5-8. In her supervisory roles for San Bernardino County and Orange County, she was responsible for the oversight and training of non-medical staff such as corrections officers regarding the provision of healthcare services and she developed and implemented the healthcare policies that governed correctional facility employees. *Id.* ¶¶ 7-8. She now operates a consulting business in which she assists in training correctional facility staff, including correctional officers, on their responsibilities relating to the provision of healthcare for inmates and detainees. *Id.* ¶ 9.

The Court finds that Wild is qualified to opine on the conduct of correctional officers in this action. While she may not be a correctional officer, Wild is familiar with (and has even participated in the creation of) standards governing the

3

involvement of correctional officers in the provision of healthcare to detained individuals. She has first-hand experience training such officers on how they should provide healthcare to those in their custody. Wild's knowledge and experience concerning the standards for correctional officers' responsibilities relating to healthcare renders her qualified to offer expert testimony in this action. *See Am. Gen. Life Ins. Co. v. Schoenthal Fam.,* LLC, 555 F.3d 1331, 1338 (11th Cir. 2009) (finding that a risk management scholar could offer expert testimony about insurance industry standards because he "had ample knowledge and experience about that subject.").

Having found that Wild is qualified to provide expert testimony on the subjects explained hereinabove, the Court finds unpersuasive Palm's argument that Wild's testimony would be unreliable and unhelpful to the trier of fact. This subject matter is generally beyond the easy understanding of the lay person; Wild's opinions, which the Court has found to be within the scope of her expertise and sufficiently reliable, will help the jury understand the issues at trial.

## II. Expert Testimony of Paul Cappitelli

Palm argues that Paul Cappitelli's testimony should be excluded because it will not help the trier of fact understand the evidence or determine a fact at issue. The Court disagrees. Expert testimony assists the trier of fact when it "concerns

4

matters that are beyond the understanding of the average lay person." *United States v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004) (en banc). "Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." *Id.* at 1262-63.

Cappitelli is a career law enforcement officer who opines that the jail staff in this action "were attentive and conscientious in their interactions with Palm" and "arranged for [Palm] to receive medical treatment" when they first noticed his need for medical attention, such that he was never denied medical care. Pl.'s Mot. Exclude Expert Test. Ex. B, Cappitelli Expert Report 4-5, ECF No. 41-3. He also opines that Palm was properly monitored during his incarceration in conditions that were adequate, and that there is no evidence that any policy or practice could have altered Palm's health outcome. *Id.* at 5. He asserts that the jail staff were adequately trained and not responsible for medical care decisions. *Id.* He based these opinions on "the standard of care prevalent in the corrections and custodial profession and facilities, and the practices of corrections personnel in this matter." *Id.* at 1. He is familiar with the standard of care unique to the corrections environment because he has extensive experience "personally supervis[ing] numerous

5

officers and professional staff support employees in a custody environment." *Id.* at 2.

The issues addressed in these opinions are "beyond the understanding of the average lay person." *United States v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004) (en banc). Monitoring detainees or prisoners in a correctional environment is distinct from monitoring someone in the home or office in a way that average jurors may be familiar with. That unique setting carries with it a unique standard of care which the average layperson will likely need expert assistance to understand. Cappitelli's testimony about the standard of care applicable to custodial officers in an involuntary detention setting goes beyond "what lawyers for the parties can argue in closing arguments." *Id.* at 1262-63. As long as Cappitelli connects his conclusions and opinions to the unique standard of care and special circumstances in the detention setting, they may be helpful to the jury. *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 565 (11th Cir. 1998). In summary, Cappitelli's expert testimony regarding the standard of care in an involuntary detention setting, and whether the Defendants met that standard of care under the circumstances in this action, will assist the trier of fact. Plaintiff's motion is denied as to Cappitelli's expert testimony.

CONCLUSION

For the foregoing reasons, Palm's motion to exclude the testimony of Defendants' expert witnesses (ECF No. 41) is denied. Palm shall have 28 days from the entry of this Order to designate rebuttal experts, if he so chooses.

IT IS SO ORDERED, this 11th day of August, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
